OPINION. Kern, Judge: The petitioner contends that the distributions which he received from the company during the taxable years 1935 to 1938, inclusive, are within the ambit of section 115 (d) of the Revenue Acts of 1934, 1936, and 1938.[1] Respondent, on the other hand, urges that each of these distributions was “one of a series of distributions in complete cancellation or redemption of all or a portion” of the company’s stock within the meaning of the definition of “amounts distributed in partial liquidation” in section 115 (i) of said acts and, therefore, fall within the exception provided in 115 (d), rendering 115 (d) inapplicable in the premises. Respondent further urges that these distributions were fully includible in the income of the petitioner when received, under the provisions of section 115 (c) of said acts, as amounts distributed in partial liquidation. The question for decision, therefore, is whether these distributions were distributions in partial liquidation’within the meaning of section-115 (i) of the Revenue Acts of 1934,1936, and 1938 and includible in petitioner’s income in the full amounts under section 115 (c) of those acts. Section 115 (c) of the Revenue Acts of 1934,1936, and 1938 provides, inter alia, that amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock and that the gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. Section 115 (c) of the 1934 and 1936 Acts also provides that, despite the provisions of section 117 (a), 100 per centum of the gain so recognized shall be taken into account in computing net income, whereas section 115 (c) of the 1938 Act provides that, despite the provisions of section 117, the gain so recognized shall be considered as a short term capital gain.[2] Section 115 (i) of these three acts defines the term “amounts distributed in partial liquidation” as meaning “a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock.”[3] Respondent relies upon the last clause of 115 (i). It appears clear to us that each of the distributions here in question was “one of a series of distributions in complete cancellation or redemption” of the company’s stock, and thus in partial liquidation. There is ample evidence in the record of this case to justify the conclusion that the company was in process of liquidation during the period in which these distributions were made. The first corporate purpose stated in article II of the company’s articles of incorporation is “to acquire * * * the outstanding bonds and assets of the Bankers Joint Stock Land Bank of Milwaukee, Wisconsin, and to liquidate the same.” There is no evidence indicating that during the period here material the company had any assets other than those acquired from the bank. From 1932 to 1938 the company continuously pursued its purpose of disposing of these assets and converting them into cash, which it distributed to its stockholders. This program resulted in the reduction of its assets from some thirteen million dollars in 1932 to approximately four and one-half million dollars in 1938, the amount of reduction for each year being annually entered on the company’s hooks. This Court stated in T. T. Word Supply Co., 41 B. T. A. 965, 980: The liquidation of a corporation is the process of winding up its affairs by realizing upon its assets, paying its debts, and appropriating the amount of its profit and loss. It differs from normal operation for current profit in that it ordinarily results in the winding up of the corporation’s affairs, and there must be a manifest intention to liquidate, a continuing purpose to terminate its affairs and dissolve the corporation, and its activities must be directed and confined thereto. A mere declaration is not enough, and the question whether a corporation is in liquidation is one of fact. See also Fred T. Wood, 27 B. T. A. 162, 166, and R. D. Merrill Co., 4 T. C. 955, 968. We think that the facts of this case clearly meet the requirements laid down in this statement. The fact that the process of liquidation extended over a period of some years is not fatal to our conclusion. R. D. Merrill Co., supra. Furthermore, the company made current distributions of the sums realized from the conversion of its assets into cash. These distributions, with one exception, were designated by the company as “liquidating dividends.” The exception is the distribution declared on December 23, 1936, but since this distribution was clearly but one of the series, we do not consider it material that it was not designated as a “liquidating dividend.” See Rollestone Corporation, 38 B. T. A. 1093, 1105. As this Court has repeatedly held, it is immaterial that when these distributions were made no shares were surrendered or canceled in whole or in part or that there was no endorsement of these distributions on the stock certificates. James P. Gossett, 22 B. T. A. 1279, 1286; affd., Gossett v. Commissioner, 59 Fed. (2d) 365; Edward S. Bacharach, 29 B. T. A. 282, 287; Florence M. Quinn, 35 B. T. A. 412, 414; Rollestone Corporation, supra. See also Henry E. Mills, 4 T. C. 820; Holmby Corporation, 28 B. T. A. 1092; affd., 83 Fed. (2d) 548; and Tyson v. White, U. S. Dist. Ct. Mass., 1933. Nor is it material that after the company came under new management on May 12, 1938, it deviated from or abandoned its purpose of liquidating its assets. The character of the distributions must be determined in the light of the circumstances when made. “Each of the distributions here in question seems to have been one of a series of distributions intended to be in complete cancellation or redemption of all of the stock of the corporation when the series was completed.” See Rollestone Corporation, supra, at page 1105. The disruption or termination of the series or the departure from the program of liquidation by reason of the subsequent injection of new life into the veins of the dying corporation will not change the character of the distributions previously made in liquidation. W. E. Guild, 19 B. T. A. 1186, is distinguishable on the grounds set forth in James P. Gossett, supra, at page 1285, i. e., that the distributions in that case were made after the purpose to liquidate, was discontinued. We, therefore, conclude that these distributions were distributions in partial liquidation within the meaning of section 115 (i) of the Revenue Acts of 1934,1936, and 1938 and are includible in petitioner’s income in their full amounts under section 115 (c) of those acts. Reviewed by the Court. Decision will be entered under Rule 50. SEC. 115. distributions BY CORPORATIONS. ******* <d) Other Distributions Prom Capital. — If any distribution (not in partial or complete liquidation) made by a corporation to its shareholders is not out of increase in value of property accrued before March 1, 1913, and is not a dividend, then the amount of such distribution shall be applied against and reduce the adjusted basis of the stock provided in section 113, and if in excess of such basis, such excess shall be taxable in the same manner as a gain from the sale or exchange of property. Revenue Acts of 1934 and 1936: “SEC. 116. DISTRIBUTIONS BY CORPORATIONS. * * ***** “(c) Distributions in Liquidation. — Amounts distributed In complete liquidation of a corporation shall be treated as in full payment In exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributees resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. Despite the provisions of section 117 (a), 100 per centum of the gain so recognized shall be taken into account in computing net income. * * *” Revenue Act of 1938 : “SEC. 115. DISTRIBUTIONS BY CORPORATIONS. ******* “(c) Distributions in Liquidation. — Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or in full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. Despite the provisions of section 117, the gain so recognized shall be considered as a short term capital gain. * * •” Revenue Acts of 1934, 1936, and 1938 : “SEC. 115. DISTRIBUTIONS BY CORPORATIONS. (i) Definition of Partial Liquidation. — As used in this section the term “amounts distributed in partial liquidation” means a distribution by a corporation in complete cancellation or redemption of a part of its stock; or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock.”